IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL MAURICE SMITH, Sr.,

        Petitioner,             No. CIV S-10-2353 GGH P

   vs.

JAMES D. HARTLEY, Warden,      ORDER &

        Respondent.      FINDINGS AND RECOMMENDATIONS

_____/

<u>Introduction</u>

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254.  Petitioner was convicted after a bench trial in Sacramento County Superior Court in 1984 to second degree murder with use of a deadly weapon and sentenced to 17 years to life (15-to-life plus two years).  Petition, p. 1.  The basis for the petition is that state courts violated his constitutional rights by denying petitioner specific performance of his 1984 plea agreement. Petition, pp. 4-8.   Petitioner notes that once the sentence he herein challenges is served, he must serve a four-year sentence he received in May 2008 in Kings County Superior Court.  Id. at 9.

        Pending before the court is respondent's motion to dismiss the petition as successive, filed on December 28, 2010.  Petitioner filed his opposition on January 10, 2011.

\\\\\

1

Motion to Dismiss

Respondent observes that petitioner, in Case No. Civ-S-88-1263 EJG GGH, challenged the same 1984 conviction at issue herein, which petition was denied by order filed on August 14, 1990.  Respondent's Lodged Documents 2, 3 & 4.  Petitioner also filed, in Case No. S- 90-1605 EJG PAN, another challenge to the 1984 conviction, dismissed by order, filed on July 30, 1992.  Respondent's Lodged Docs. 5, 6 & 7.  Petitioner filed a third challenge, Case No. CIV-S-05-1276 JKS EFB, which portion that challenged the 1984 conviction was dismissed without prejudice by order, filed on February 7, 2008.[1]  Respondent's Lodged Docs. 8, 9 & 10. That portion challenging a parole denial was ultimately denied by order filed on September 26, 2008.

Opposition

In his opposition, petitioner contends that the instant petition "addresses the ongoing violation of his unfulfilled plea agreement that has yet to be fulfilled by the state after over twenty-five years of incarceration."  Opposition (Opp.), p. 1.  To respondent's claim that petitioner has filed some thirty-four pro se state post conviction collateral challenges to the instant judgment (MTD, p. 2), petitioner argues that respondent does not list these filings because, when this claim was made with reference to Case No. CIV-S-05-1276 JKS EFB, it was made clear that none of the filings were those of petitioner.  Opp., pp. 1-2.  Petitioner includes an unauthenticated list of cases (some showing more than one entry for the same case) intended to demonstrate that the name of the petitioners in those cases share only his first and last (but not middle) name.  Opp., at 3.  Respondent, who failed to file a reply, does not address this disparity,

---

[1] In the Findings and Recommendations adopted by that Order, it was noted that petitioner had not obtained an order from the Court of Appeals authorizing the court to proceed on claims challenging the constitutionality of his conviction that had been challenged in Case No. Civ-S-88-1263 EJG GGH.  See docket # 41 of Case No. CIV-S-05-1276 JKS EFB, pp. 1-2. Moreover, the district judge, in adopting the Findings and Recommendations, expressly observed that the petition in Case No. CIV-S-05-1276 JKS EFB, "to the extent it attacks that [1984] conviction, is clearly a second or successive petition," dismissing that portion of the petition without prejudice.  See Order at docket # 47 of Case No. CIV-S-05-1276 JKS, p. 2.

but it does not appear to be germane to the question at issue.  That petitioner does not deny that

he has filed at least three prior federal petitions that concern the same 1984 conviction, however,

is relevant.

Discussion

Under Ninth Circuit Rule 22-3(a), "[i]f a second or successive petition or motion,

or an application for leave to file such an application or motion, is mistakenly submitted to the

district court, the district court shall refer it to the court of appeals."  This court cannot consider

the successive petition without prior authorization by the Ninth Circuit.  Under 28 U.S.C. §

2244(b)(3)(A), leave must first be obtained from the court of appeals to file a second or

successive petition before petitioner can proceed in district court.  Felker v. Turpin, 518 U.S.

651, 656-657, 116 S. Ct. 2333 (1996).  This is a jurisdictional requisite.  Burton v. Stewart, 549

U.S. 147, 152, 127 S. Ct. 793 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)

(once district court has recognized a petition as second or successive pursuant to § 2244(b), it

lacks jurisdiction to consider the merits).

Petitioner's claim that his present challenge that the state courts have failed to

enforce the terms of the 1984 plea agreement/conviction does not obviate the necessity that

petitioner must receive prior authorization from the Ninth Circuit Court of Appeals before he can

proceed in this court, and petitioner has been informed that challenges to the same conviction/

sentence bear this requirement.  Respondent's Lodged Docs. 9,10 - - - Case No. CIV-S-05-1276

JKS .  The bottom line is that petitioner has once again "brought claims contesting the same

custody imposed by the same judgment of a state court" without first having obtained the

requisite authorization from the Court of Appeals.  Burton v. Stewart, 549 U.S. at 153, 127 S. Ct.

793.  Therefore, this case must be dismissed.  The dismissal will be without prejudice to

petitioner's obtaining such authorization from the Ninth Circuit.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a

district judge to this case.

1     IT IS RECOMMENDED that respondent's December 28, 2010 (docket # 11)

2  motion for the petition to be dismissed as successive be granted and this case be dismissed

3  without prejudice.

4     These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9  shall be served and filed within fourteen days after service of the objections.  The parties are

10  advised that failure to file objections within the specified time may waive the right to appeal the

11  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED:   03/25/2011

13                                                              /s/ Gregory G. Hollows

14                                                    _____
                                                      GREGORY G. HOLLOWS
                                                      UNITED STATES MAGISTRATE JUDGE

15

16
     GGH:009
17   smit2353.ofr

18

19

20

21

22

23

24

25

26